1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

MICHAEL CROW,

        Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12-4956-SP


**MEMORANDUM OPINION AND ORDER**

19

## I.

20

## INTRODUCTION

21

     On June 13, 2012, plaintiff Michael Crow filed a complaint against

22

defendant, the Commissioner of the Social Security Administration

23

("Commissioner"), seeking a review of a denial of Supplemental Security Income

24

("SSI").  Both plaintiff and defendant have consented to proceed for all purposes

25

before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) (2009).  The

26

parties' briefing is now complete, and the court deems the matter suitable for

27

adjudication without oral argument.

28

     Two interrelated issues are presented for decision here: (1) whether the

1  Administrative Law Judge ("ALJ") properly considered the opinions of plaintiff's

2  three examining psychologists; and (2) whether the ALJ properly determined

3  plaintiff's residual functional capacity ("RFC").  Pl.'s Mem. at 3-10; Def.'s Mem. at

4  1-3.

5        Having carefully studied, inter alia, the parties' written submissions and the

6  Administrative Record ("AR"), the court finds that, as detailed herein, the ALJ

7  failed to properly consider the opinion of examining psychologist Dr. Reznick in

8  assessing plaintiff's RFC.  Therefore, the court remands this matter to the

9  Commissioner in accordance with the principles and instructions enunciated in this

10  Memorandum Opinion and Order.

11  **II.**

12  **FACTUAL AND PROCEDURAL BACKGROUND**

13        Plaintiff, who was thirty-nine years old on the date of his May 23, 2008

14  administrative hearing, is a college graduate.  AR at 36, 42.  His past relevant work

15  includes employment as an activity assistant at a convalescent hospital.  *Id.* at 50-

16  52, 168.

17        On May 31, 2007, plaintiff protectively filed an application for SSI, alleging

18  that he has been disabled since December 13, 2004 due to lateral hernia, partial

19  bowel blockage, depression, memory lapses, hypogonadism, high blood pressure,

20  and back pain.  *Id.* at 155, 167. Plaintiff's application was denied, after which he

21  filed a request for a hearing.  *Id.* at 99-103, 104-105.

22        On April 22, 2008, plaintiff appeared pro se before the ALJ and requested a

23  continuance in order to obtain representation.  *Id.* at 82.  The ALJ conducted a

24  continued hearing on May 23, 2008, at which plaintiff, represented by counsel,

25  appeared and testified.  *Id.* at 38-79.  At that hearing, the ALJ referred plaintiff for a

26  consultative examination with a psychologist.  *Id.* at 77-78.  On February 2, 2009,

27  the ALJ denied plaintiff's request for benefits (the "2009 Decision").  *Id.* at 88-98.

28        Plaintiff requested a review of the decision by the Appeals Council.  *Id.* at

124-25.  On March 19, 2009, the Appeals Council vacated the 2009 Decision and remanded the case.  *Id.* at 126-29.  The Appeals Council ordered the ALJ to:  (1) give plaintiff an opportunity to examine and comment upon the evidence obtained after the hearing; namely, the consultative psychological evaluation; (2) further evaluate plaintiff's mental impairment in accordance with the technique prescribed in the Code of Federal Regulations; (3) give further consideration to plaintiff's RFC during the entire period at issue and provide rationales, with specific references to evidence in the record, supporting the assessed limitations; (4) obtain vocational evidence sufficient to allow for a comparison between the plaintiff's RFC and the mental and physical demands of his past relevant work; and (5) if reaching step five, secure a vocational expert to clarify the effect of plaintiff's limitations, identify appropriate jobs, and resolve any conflicts with the Dictionary of Occupational Titles.  *Id.* at 128.

On January 19, 2010, plaintiff, represented by counsel, appeared at a third hearing before the ALJ.  At this hearing, the ALJ ordered another consultative psychological examination of plaintiff; no testimony was offered.  *Id.* at 24-35.  On May 18, 2010, the ALJ again denied plaintiff's claim for benefits (the "2010 Decision").  *Id.* at 7-18.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since May 31, 2007, the application date.  *Id.* at 12.

At step two, the ALJ found that plaintiff suffers from severe medically determinable impairments consisting of: hypertension, ventral hernia with status post partial bowel obstruction surgery, mild degenerative disease of the lumbar spine, and obesity.  *Id.*  With regard to plaintiff's mental status, the ALJ found that while plaintiff has medically determinable conditions, including depressive disorder and a personality disorder, both not otherwise specified, those mental conditions are not severe.  *Id.*

3

1        At step three, the ALJ determined that the evidence does not demonstrate that

2   plaintiff's impairments, either individually or in combination, meet or medically

3   equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix

4   1.  *Id.* at 13.

5        The ALJ then assessed plaintiff's RFC,[1] and determined that he can perform

6   the full range of light work with no mental limitations.  *Id.*

7        The ALJ found, at step four, that plaintiff is capable of performing past

8   relevant work as a companion sitter in a convalescent home.  *Id.* at 18.  The ALJ

9   therefore concluded that plaintiff was not suffering from a disability as defined by

10  the Social Security Act.  *Id.*

11       Plaintiff filed a timely request for review of the ALJ's decision, which was

12  denied by the Appeals Council.  *Id.* at 1-3, 5.  The ALJ's 2010 Decision stands as

13  the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

16       This court is empowered to review decisions by the Commissioner to deny

17  benefits.  42 U.S.C. § 405(g) (2010).  The findings and decision of the Social

18  Security Administration must be upheld if they are free of legal error and supported

19  by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

20  But if the court determines that the ALJ's findings are based on legal error or are

21  not supported by substantial evidence in the record, the court may reject the findings

22  and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033,

---

24     [1]  Residual functional capacity is what a claimant can still do despite existing

25  exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155

26  n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the

27  ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's

residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir.

28  2007) (citation omitted).

1   1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

2        "Substantial evidence is more than a mere scintilla, but less than a

3   preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant

4   evidence which a reasonable person might accept as adequate to support a

5   conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

6   F.3d at 459. To determine whether substantial evidence supports the ALJ's finding,

7   the reviewing court must review the administrative record as a whole, "weighing

8   both the evidence that supports and the evidence that detracts from the ALJ's

9   conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed

10  simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

11  at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the

12  evidence can reasonably support either affirming or reversing the ALJ's decision,

13  the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*

14  (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

15                                      **IV.**

16                                  **DISCUSSION**

17        Plaintiff challenges the ALJ's RFC assessment, arguing that it fails to

18  properly reflect the opinions of plaintiff's three examining psychologists.

19  Memorandum in Support of Plaintiff's Complaint ("Pl.'s Mem.") at 4-10. Plaintiff

20  argues that the ALJ therefore "implicitly rejected" these opinions, particularly the

21  opinion of Dr. Reznick, but failed to provide reasons for the rejection. *Id.* at 4.

22        In conducting an RFC assessment, the ALJ must consider the combined

23  effects of an applicant's medically determinable impairments on the applicant's

24  ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); *Macri v. Chater*, 93

25  F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical

26  opinions as well as the combined effects of all of the plaintiff's impairments, even

27  those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); *Celaya v. Halter*,

28  332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a

1  claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574

2  F.3d 685, 690 (9 th Cir. 2009).  The ALJ must determine a claimant's limitations on

3  the basis of "all relevant evidence in the record."  *Robbins v. Soc. Sec. Admin.*, 466

4  F.3d 880, 883 (9th Cir. 2006).

5       At the request of the Social Security Administration, three consulting

6  psychologists – Drs. Goldman, Reznick, and Colonna – examined plaintiff in 2007,

7  2008, and 2010, respectively.  AR at 686-690, 803-810, and 1149-1155.  With

8  regard to social functioning, Dr. Goldman and Dr. Colonna found that plaintiff had

9  mild limitations.  *Id.* at 690, 1155.  Specifically, Dr. Goldman found that plaintiff

10  experienced "[m]ild difficulties in maintaining social functioning," and that

11  plaintiff's "ability to respond appropriately to coworkers, supervisors, and the

12  public is mildly impaired due to the presence of a personality disorder."  *Id.* at 690.

13  Likewise, Dr. Colonna found that plaintiff had "a mild inability to interact

14  appropriately with supervisors, coworkers and peers on a consistent basis."  *Id.* at

15  1155.  Dr. Reznick's assessment of plaintiff differed in that he found plaintiff's

16  limitations more severe.  Dr. Reznick opined that plaintiff "would experience . . .

17  mild to moderate difficulties interacting with others in the workplace, including the

18  general public."  *Id.* at 810.  Dr. Goldman and Dr. Reznick also differed with regard

19  to plaintiff's ability to deal with the work environment.  Whereas Dr. Goldman

20  opined that plaintiff's "ability to respond appropriately to usual work situations and

21  deal with changes in a routine work setting is not impaired," Dr. Reznick found that

22  plaintiff would experience "mild to moderate difficulties tolerating ordinary work

23  pressures."  *Id.* at 690, 810.

24       The ALJ reviewed the medical evidence, plaintiff's treatment records, and the

25  assessments of the examining psychologists and determined that plaintiff retained

26  the RFC to perform light work with no mental limitations.  *Id.* at 15, 17.  In so

27  finding, the ALJ summarized each of the consulting psychologist's assessments.  *Id.*

28  at 15-17.  He summarize the opinions of Dr. Goldman and Dr. Colonna thoroughly

and accurately, reviewing, among other things, the results of various intellectual functioning and other tests that each psychologist had administered and their diagnoses of a personality disorder.  *Id.*  Additionally, the ALJ detailed Dr. Goldman's and Dr. Colonna's findings, noted above, that plaintiff suffered from mild limitations in interacting with others.  *Id.* at 15-16.  The court therefore rejects plaintiff's somewhat vague suggestion that the ALJ impliedly rejected the opinions of Dr. Goldman and Dr. Colonna.  On the contrary, the ALJ appears to have accepted these opinions in concluding that the mental health evidence established that plaintiff's mental disorders are not severe and do not diminish plaintiff's capacity for light work.  *Id.* at 15-17.  The ALJ consequently did not include these limitations in his statement of plaintiff's RFC.  *See id.* at 13.  Because neither of these psychologists provided a reasoned opinion that plaintiff had a vocationally significant mental impairment, the ALJ was not required to include a limitation in plaintiff's RFC for social functioning.  *See Sutton v. Astrue*, No. Civ-07-67-R, 2008 WL 896154, at *3 (W.D. Okla. March 28, 2008) (holding ALJ's failure to include restrictions for social functioning not error where ALJ found only minor functional limitations supported by psychiatric reviews and no treating or examining physician provided a reasoned opinion that plaintiff had a mental impairment that was vocationally significant).

But the court agrees with plaintiff that the ALJ did not properly consider Dr. Reznick's opinion when assessing plaintiff's RFC.  Summarizing Dr. Reznick's examination, the ALJ acknowledged Dr. Reznick's opinion that plaintiff would have mild-to-moderate difficulties in interacting with others.  *Id.* at 16.  In concluding that the plaintiff's mental disorders "are not severe and do not diminish his capacity to perform light exertional work," however, the ALJ inaccurately stated that all three consulting psychologists "have found only mild mental symptoms, and consequently, mild mental limitations."  *Id.* at 17.  This statement ignores Dr. Rezick's finding of mild-*to-moderate* limitations.  Moreover, the ALJ failed

1   completely to mention Dr. Reznick's finding that plaintiff would experience "mild

2   to moderate difficulties tolerating ordinary work pressures." *Id.* at 810.  The ALJ

3   did not state explicitly whether he had accepted or rejected the limitations that Dr.

4   Reznick found to exist.

5          The ALJ erred by omitting from plaintiff's RFC assessment the limitations

6   found by Dr. Reznick.  *See Carmickle* 533 F.3d at 1164 (holding that the ALJ erred

7   by not including a limitation identified by one of the claimant's treating physicians

8   in his RFC assessment); *Van Sickle v. Astrue*, 385 F.App'x 739, 741 & n.1 (9th Cir.

9   2010) (ALJ erred by failing to include doctors' "moderate" mental limitations and

10   limitation to work in "low stress setting").  Indeed, Social Security Ruling ("SSR")

11   85-15 emphasizes that mentally impaired people often "have difficulty

12   accommodating to the demands of work and work-like settings" and thus "[a]ny

13   impairment-related limitations created by an individual's response to demands of

14   work . . . must be reflected in the RFC assessment."[2]  1985 WL 56857, at *5.

15          Defendant contends that a claimant with a moderate limitation is still able to

16   function satisfactorily, and therefore the ALJ properly assessed no mental

17   limitations in plaintiff's RFC.  Def.'s Mem. at 2-3 (citing *Lacroix v. Barnhart*, 465

18   F.3d 881, 888 (8th Cir. 2006)).  But unlike the ALJ in *Lacroix*, who explicitly

19   considered and discussed the moderate limitations found by a doctor in that case

20   (*see Lacroix*, 465 F.3d at 888), the ALJ here appears to have simply overlooked or

21   ignored Dr. Reznick's findings of mild to moderate limitations.  There is nothing in

22   the ALJ's opinion that would allow this court to conclude that the ALJ considered

23   _____

24          [2]  "The Commissioner issues Social Security Rulings to clarify the Act's
     implementing regulations and the agency's policies.  SSRs are binding on all
25   components of the SSA.  SSRs do not have the force of law.  However, because they
     represent the Commissioner's interpretation of the agency's regulations, we give
26   them some deference.  We will not defer to SSRs if they are inconsistent with the
     statute or regulations."  *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir.
27   2001) (internal citations omitted).

28

and resolved the differences between the three psychologists' opinions as defendant suggests.  *See* Def.'s Mem. at 3.

Indeed, the ALJ here appeared to credit Dr. Reznick's opinion (*id.* at 16), but nevertheless inexplicably omitted from the RFC his findings of mild-to-moderate limitations in interacting with others and mild-to-moderate limitations in dealing with ordinary work pressures.  *Id.* at 16, 17, 810.  If the ALJ rejected Dr. Reznick's findings, he erred by failing to provide specific and legitimate reasons for doing so.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (ALJ must provide "specific and legitimate" reasons for rejecting contradicted examining doctor's opinion).

The court therefore finds that the ALJ erred in failing either to provide specific and legitimate reasons for discounting Dr. Reznick's opinion or to include all of plaintiff's limitations as found by Dr. Reznick in the RFC assessment.

**V.**

## REMAND IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility).  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ failed to properly

consider Dr. Reznick's opinion when assessing plainitff's RFC.  On remand, the
ALJ shall: (1) reconsider the opinion provided by Dr. Reznick regarding plaintiff's
mental impairments and limitations, and either credit his opinion or provide specific
and legitimate reasons supported by substantial evidence for rejecting it; and (2)
reassess plaintiff's RFC, taking the entirety of Dr. Reznick's opinion into
consideration.  The ALJ shall then proceed through steps four and five to determine
what work, if any, plaintiff is capable of performing.

## VI.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING
the decision of the Commissioner denying benefits, and REMANDING the matter
to the Commissioner for further administrative action consistent with this decision.

Dated: March 28, 2013

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE